UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HILSINGER COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:13-cv-10594 |
| | ) |
| EYEEGO, LLC, | ) |
| | ) |
| Defendant | ) |
| | ) |

**LOCAL RULE 16.1(D) JOINT SCHEDULING STATEMENT**

Pursuant to L.R. 16.1, 16.6 and Fed. R. Civ. P. 16(b), (c), and 26(f), plaintiff The Hilsinger Company ("Hilco") and defendant Eyeego, LLC ("Eyeego") have conferred and agree as follows:

**I.     Proposed Case Schedule**

Pursuant to L.R. 16.1(B) and 16.6(A), the parties have conferred about the following schedule for the Court's consideration. In broad terms, the schedule contemplates a brisk schedule up to *Markman*, a standard pre-trial procedure, and a jury trial. In the first instance, however, the parties have been unable to agree as to the application of the Local Patent Rules in the context of a declaratory judgment action.

Hilco's position is that the Local Patent Rules condition the service of the alleged infringer's Preliminary Invalidity and Non-Infringement Contentions on the service of the patentee's preliminary infringement contentions. Subsection (A) to Appendix E to L.R. 16.6 provides that in a declaratory judgment ("DJ") action such as this, the defendant-patentee is treated as a plaintiff and is obligated to "serve and file preliminary disclosure of the claims

infringed" within 90 days of the Rule 16 Case Management Conference.  Appendix E to L.R. 16.6(A).  Then, "*after service of the patentee's preliminary infringement contentions*, the accused infringer shall serve and file Preliminary Invalidity and Non-Infringement Contentions." *Id*. (emphasis added). In addition, Eyeego also asserts as a counterclaim a claim for infringement of an additional patent that is not the subject of the declaratory judgment action filed by Hilco.

Eyeego's position is that Appendix E to L.R. 16.1 specifically distinguishes between DJ and non-DJ actions.  Appendix E begins by setting forth the timing requirements for traditional non-DJ actions.  The plaintiff serves infringement contentions at 30 days, *see* (A)(1), and the defendant serves invalidity contentions at 60 days, *see* (A)(2).  Appendix E goes on, however, to announce different deadlines where the infringer initiates the action as a DJ.  *See* App. E at 150 ("Disclosures in Declaratory Judgment Actions").  In subsection (1) on page 150 – which, we note, should actually be numbered "(3)" – Appendix E states that where the infringer "initially file[s]" a DJ action, the invalidity contentions remain due at 60 days, but the patent holder's infringement contentions are not due until 90 days, *i.e.* after the invalidity contentions.  The parties still have the same substantive disclosure obligations.  Appendix E simply ensures that *the plaintiff goes first*.  Appendix E is not only clear, it is logical.  Every plaintiff is obliged by Rule 11 to undertake a pre-suit investigation.  Eyeego presumes that Hilco undertook such an investigation – including substantiating its invalidity claim, *see* Dkt. 1 – before it filed this suit.

The parties will be prepared to address the issue at the Rule 16 conference.

At present, defendant Eyeego does not anticipate that the *Markman* hearing will require a technology tutorial or live testimony.

| Event | Plaintiff's Proposed Deadline | Defendant's Proposed Deadline | The Court's Deadline |
|---|---|---|---|
| Rule 26(a) Initial disclosures | July 1, 2013 | July 1, 2013 | |
| Written settlement proposal(s) | July 1, 2013 | July 1, 2013 | |
| Infringement contentions, and supporting documentation (*e.g.* conception and reduction to practice, ownership, file wrapper) | July 30, 2013 | August 30, 2013 | |
| Invalidity and non-infringement contentions, and supporting documentation (*e.g.* prior art, documents sufficient to show operation of accused product(s)) | August 30, 2013 | July 30, 2013 | |
| Deadline to file motions to amend pleadings to assert new claims | September 16, 2013 | September 16, 2013 | |
| Exchange claim terms to be construed | September 16, 2013 | September 16, 2013 | |
| Exchange preliminary proposed constructions and identify extrinsic evidence | September 30, 2013 | September 30, 2013 | |
| Opening claim construction briefs | October 21, 2013 | October 21, 2013 | |
| Opposition claim construction brief | November 11, 2013 | November 11, 2013 | |
| Reply claim construction brief | November 18, 2013 | None. Eyeego believes two rounds of briefing will be sufficient. | |
| Joint claim construction and prehearing Statement | December 6, 2013 | December 6, 2013 | |
| *Markman* hearing | Court's convenience | Court's convenience | |

| | | | |
|---|---|---|---|
| Deadline for fact discovery | 30 days after *Markman* decision | 30 days after *Markman* decision | |
| Deadline to amend infringement and invalidity contentions (to the extent affected by *Markman* decision) | 30 days after *Markman* decision | 30 days after *Markman* decision | |
| Deadline of party with burden of proof to disclose expert witnesses and disclose information required by F.R.C.P. 26(a)(2)(B) | 60 days after *Markman* decision | 60 days after *Markman* decision | |
| Deadline for rebuttal experts | 90 days after *Markman* decision | 90 days after *Markman* decision | |
| Deadline to complete expert discovery and depositions | 120 days after *Markman* decision | 120 days after *Markman* decision | |
| Dispositive Motions – Opening Briefs (Opposition and Reply briefs to follow standard Local Rule timing requirements) | Two months after close of expert's discovery | 150 days after *Markman* decision | |
| Dispositive Motions – Hearing | Court's convenience | Court's convenience | |

## II.     Other Issues

The parties agree that a Protective Order that addresses the dissemination of confidential or attorneys' eyes only material is appropriate in this case and will provide the Court with a proposed form of Order.  Specifically, Eyeego believes that documents containing sales data and licensing terms should be filed under seal.

The parties have each undertaken steps, internally, to preserve all potentially relevant documents.  Eyeego contends that the parties' document preservation obligations include all active and backup computer systems and records dating back to the parties' first conversations in approximately June 2007.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| THE HILSINGER COMPANY | EYEEGO, LLC |
| By its attorneys, | By its attorneys, |
| /s/ Craig M. Scott | /s/ Timothy R. Shannon |
| Craig M. Scott (BBO#556210) | Timothy R. Shannon |
| Daniel E. Ostrach (BBO#684228) | VERRILL DANA, LLP |
| SCOTT & BUSH LTD. | One Portland Square |
| One Turks Head Place, Fourth Floor | P.O. Box 586 |
| Providence, RI 02903 | Portland, ME 04112-0586 |
| Tel: (401) 865-6035 | Tel: (207) 774-4000 |
| cscott@scottbushlaw.com | tshannon@verrilldana.com |
| dostrach@scottbushlaw.com | |

Dated:  May 24, 2013