UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HILSINGER COMPANY, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 13-cv-10594-IT |
| EYEEGO, LLC, | * |
| Defendant. | * |

ORDER

October 29, 2014

TALWANI, D.J.

On October 14, 2014, Defendant Eyeego, LLC ("Eyeego") filed a <u>Motion for Leave to File its Motion for Summary Judgment of Infringement of the '403 Patent Under Seal</u> [#68]. Prompted by this motion, on October 20, 2014, Plaintiff The Hilsinger Company ("Hilco") filed a <u>Motion to Request a Status Conference</u> [#70], in which it disputed the timing of Eyeego's proposed summary judgment motion and suggested that all briefing on this motion should be stayed until the close of expert discovery. On October 24, 2014, Eyeego filed its opposition to Hilco's motion.[1] On October 28, 2014, Hilco filed a response to Eyeego's motion in which it assented to the filing of its summary judgment motion under seal.[2] For the reasons set forth below, Eyeego's motion for leave to file its motion under seal is ALLOWED and Hilco's motion to request a status conference is DENIED.

---

[1] Def.'s Opp'n Pl.'s Mot. Request Status Conference [#72].

[2] Pl.s' Resp. Def.'s Mot. Leave File Mot. Summ. J. Infringement '403 Patent Under Seal [#73] [hereinafter Pl.'s Resp.].

As a preliminary matter, the court expects all parties to fully abide by Local Rule 7.1(a)(2), which requires counsels' certification that they have conferred and have attempted in good faith to resolve or narrow the issue raised by the motion. Here, Eyeego included a Rule 7.1 certificate with its motion, but also stated that counsel for Hilco indicated that he could not assent to the motion without first reviewing the documents to be sealed. Although the certificate indicates that counsel for Eyeego forwarded the documents to Hilco's counsel for review on October 14, 2014, the motion itself was filed that same day without certification of any further efforts to determine whether, after reviewing the documents, Hilco objected to their filing under seal.[3] As made apparent by Hilco's October 28, 2014 response, if Eyeego had provided Hilco's counsel sufficient time to answer, it could likely have filed the original motion as unopposed.[4] Hilco, in turn, altogether failed to file a Rule 7.1 certificate with its motion. Although Hilco's papers indicate that counsel conferred with Eyeego's counsel regarding the underlying issue of the timing of the summary judgment motion, the papers do not certify that counsel conferred regarding the request for a status conference.[5] Counsel for both parties are reminded that a failure to include a Rule 7.1 certificate is an appropriate ground for denial of any future motion.

The court further notes that a party seeking to impound materials submitted to the court must show the court good cause for the impoundment.[6] Because "'only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-

---

[3] Def.s' Mot. Leave File Mot. Summ. J. Infringement '403 Patent Under Seal, 2 [#68].

[4] Pl.'s Resp. at 1.

[5] Pl.'s Mot. Request Status Conference, 2 [#70] [hereinafter Pl.'s Mot.].

[6] See United States v. Kravetz, 706 F.3d 47, 60 (1st Cir. 2013).

2

law right of access,'"[7] the party seeking impoundment must make "'a particular factual demonstration of potential harm, not . . . conclusory statements'"[8] as to why a document should be sealed.[9] Reference to an agreement between the parties regarding the confidential exchange of documents during discovery, without more, will not suffice to meet this burden when a party seeks to file such documents with the court. Here, impoundment is appropriate because Eyeego seeks only redaction of limited information, not entire documents, and because the material to be filed under seal includes sensitive information regarding the design and engineering of Hilco products.

As to the timing of Eyeego's proposed motion for summary judgment, Hilco argues that, if filed now, the motion would waste judicial and party resources by requiring the court to consider summary judgment motions both now and at the end of discovery.[10] Hilco asserts that it would be more efficient for the court to consider any issues of patent infringement only after resolving the issue of patent validity, as an invalid patent cannot be infringed.[11]

It is within Eyeego's discretion to file a motion for summary judgment to the court before the close of discovery.[12] Although the court will carefully scrutinize any such motion to ensure that the filing is not vexatious, the court will not require parties to withhold partial summary judgment motions while awaiting the close of discovery on separate issues. Hilco suggests that

---

[7] Id. (quoting In re Providence Journal Co., 293 F.3d 1, 10 (1st Cir. 2002)).

[8] Id. (quoting Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 412 (1st Cir. 1987)).

[9] See Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986).

[10] See Pl.'s Mot. at 2-3.

[11] See id. at 2.

[12] See Fed. R. Civ. P. 56(b).

issues of infringement should usually be considered contemporaneously with or after consideration of claims of invalidity, but the inquiries are not inseparable.[13] Here, Hilco has not identified any legal or factual issue that *must* be resolved before it is able to properly defend against Eyeego's motion for summary judgment on its infringement claim.

Accordingly, the court will not require Eyeego to delay filing its proposed summary judgment motion until after the end of discovery and sees no reason for a status conference. Nonetheless, once filed, the court will allow Hilco to respond to this motion in a bifurcated manner. If Hilco believes that the motion is premature because ongoing discovery will reveal facts necessary to its defense, it may first file an affidavit pursuant to Federal Rule Civil Procedure 56(d). If, after consideration of that affidavit, the court believes additional discovery is not required, Hilco will be given additional time to file its opposition papers.

IT IS SO ORDERED.

October 29, 2014 /s/ Indira Talwani
United States District Judge

---

[13] See, e.g., Leesona Corp. v. United States, 208 Ct. Cl. 871, 887 (1976) ("Where, as here, noninfringement is clear and invalidity is not plainly evident, it is appropriate to treat only the infringement issue."); Lockwood v. Langendorf United Bakeries, Inc., 324 F.2d 82, 91 (9th Cir. 1963) (holding, in a declaratory-judgment case, that "it would usually be error to adjudge [a patent] valid, in the fact of a finding of non-infringement. To do so . . . would be to decide a hypothetical case." (citations omitted)).