UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE HILSINGER COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 13-cv-10594-IT |
| | * | |
| EYEEGO, LLC, | * | |
| | * | |
| Defendant. | * | |

ORDER

August 13, 2015

TALWANI, D.J.

Plaintiff the Hilsinger Company ("Hilco"), filed a Motion to Compel Eyeego, LLC to Appear for Deposition and to Supplement Discovery Responses and Production [#59]. In part, this motion challenged Defendant Eyeego's assertion of privilege over "Document 22" on its privilege log. See Eyeego, LLC's Privilege Log [#59-7]. Eyeego submitted Document 22 to the court for *in camera* review. Upon *in camera* review, the court finds that the community-of-interest privilege[1] applies to Document 22. Accordingly, Hilco's motion is DENIED insofar as it seeks an order compelling production of Document 22.

---

[1] The parties refer to the "common-interest privilege." "The common-interest privilege is typically understood to apply when two or more clients consult or retain *an attorney* on particular matters of common interest." Cavallaro v. United States, 284 F.3d 236, 249 (1st Cir. 2002) (emphasis added) (citation and internal quotation marks omitted). It "is not an independent basis for privilege," but "an exception to the general rule that the attorney-client privilege is waived when privileged information is disclosed to a third party." Id. at 250. As applied between multiple parties with different counsel (as opposed to multiple clients with shared counsel), a more precise name for the exception is the "community-of-interest privilege." In re Teleglobe Comms. Corp., 493 F.3d 345, 359 (3d Cir. 2007).

I.      Document 22

Document 22 consists of a chain of four e-mails, sent on December 11, 2012:

1. An 8:15 a.m. e-mail from Daryl Squicciarini to Nancy Tedeschi, Martin Pavane, David Lenny, Christi Harrison, and David J. Milan;

2. An 11:25 a.m. e-mail from Nancy Tedeschi to Daryl Squicciarini, Martin Pavane, David Lenny, Christi Harrison, and David J. Milan;

3. A 12:37 p.m. e-mail from Martin Pavane to Nancy Tedeschi, Daryl Squicciarini, David Lenny, Christi Harrison, and David J. Milan; and

4. A 1:03 p.m. e-mail from Nancy Tedeschi to Martin Pavane, Daryl Squicciarini, David Lenny, Christi Harrison and David J. Milan.

See Eyeego's Notice Regarding Doc. 22 Privilege Log 1-2 [#106] (confirming that each of the four e-mails was sent or received by each of the individuals identified). Eyeego explained—without objection from Hilco—that at the time the e-mails were sent Nancy Tedeschi was Eyeego's President; David Lenny was Eyeego's counsel; Daryl Squicciarini was Optisource's President; Martin Pavane was Optisource's counsel; and Christi Harrison and David J. Milan were counsel for Optisource's parent company, Essilor. See Def.'s Opp'n Mot. Compel Eyeego Appear Depo. & Supplement Discovery Resps. & Produc. 15 [#60] [hereinafter Def.'s Opp'n].

II.     The Community-of-Interest Privilege

Although Eyeego and Hilco originally briefed Massachusetts privilege law to the court, they now agree that federal common law applies to this federal-question case. See Fed. R. Evid. 501; Pl.'s Supplemental Mem. Regarding Privilege Law [#101]; Def.'s Supplemental Mem. Concerning Privilege Law [#103]. The Federal Circuit has held that the issue of "whether a licensor and a licensee are joint clients for purposes of privilege under the community of interest doctrine . . . [is] not unique to patent law." See In re Spalding Sports Worldwide, Inc., 203 F.3d

2

800, 804 (Fed. Cir. 2000).  Accordingly, although this is a patent dispute, the court properly applies regional circuit law.  See id.

The community-of-interest privilege "prevents clients from waiving the attorney-client privilege when attorney-client communications are shared with a third person who has a common legal interest with respect to these communications."  Cavallaro v. United States, 284 F.3d 236, 250 (1st Cir. 2002).  For the privilege to apply, the asserted common interest must "typically entail[] an identical (or nearly identical) legal interest as opposed to a merely similar interest."  FDIC v. Ogden Corp., 202 F.3d 454, 461 (1st Cir. 2000).  Thus the proponent of the privilege must establish "cooperation in fact toward the achievement of a common [legal] objective."  Id.

III.   The Community-of-Interest Privilege Applies

Eyeego asserts that the community-of-interest privilege applies to Document 22 because the e-mails were between counsel and parties that shared a legal interest regarding the alleged infringement by Hilco of the patents-in-suit.  Def.'s Opp'n at 16-17.  Namely, Eyeego asserts that, at the time the e-mails were sent, "OptiSource was the exclusive United States distributor for Eyeego's SnapIt™ Screws that embodied the patents-in-suit, and was in the process of finalizing negotiations to become the exclusive licensee of the patents-in-suit."  Id. at 17.  Hilco opposes Eyeego's assertion of the privilege, arguing that when the e-mails were sent on December 11, 2012, the licensing agreement between the Eyeego and Optisource was not yet final, and therefore Eyeego and Optisource shared only a commercial interest at that time.  See Mem. Law Supp. Pl. / Counterclaim Def.'s Mot. Compel Def. Appear Depo. & Supplement Discovery Resps. & Produc. 17 [#62].

Eyeego concedes that e-mails that make up Document 22 were sent twelve days before Eyeego and Optisource finalized their licensing agreement on December 23, 2012.[2] Nonetheless, the absence of an exclusive licensing agreement at the time the e-mails were sent does not necessitate a finding that the parties to the communication shared no common legal interest. Rather, a review of the e-mails show that the parties were communicating about legal rather than commercial interests. Indeed, statements in the e-mails illustrate the existence of a coordinated legal strategy as well positive steps taken to further that strategy. See Ogden Corp., 202 F.3d at 461 (requiring evidence of "cooperation in fact toward the achievement of a common objective").

Moreover, the court finds instructive the Federal Circuit case In re Regents of Univ. of Cal., 101 F.3d 1286 (Fed. Cir. 1996). In that case, the Federal Circuit applied Seventh Circuit law to the question of whether an "inventor/patentee" shared a common legal interest with "an optionee and a potential licensee." Id. at 1391. Like here, the communicating parties in In re Regents of Univ. of Cal. had not yet finalized a licensing agreement at the time of the communications in question. Id. Nonetheless, the Federal Circuit determined that "the [parties'] legal interest . . . was substantially identical because of the potentially and ultimately exclusive nature of the . . . license agreement." Id. In light of the then-under-negotiation licensing agreement, "[b]oth parties had the same interest in obtaining strong and enforceable patents." Id. The reasoning of In re Regents of Univ. of Cal. applies with equal force here.[3] Although the

---

[2] Eyeego's opposition states that this licensing agreement was finalized on December 23, 2014. See Def.'s Opp'n at 17. It appears undisputed, however, that the argreement was actually executed in December 2012. See Pl.'s Mem. at 17 (referring to licensing negotiations in December 2012); see also Mem. Supp. Optisource International Inc.'s Mot. Intervene 4 [#107] (referring to the agreement as dated "December 23, 2012"); Decl. Thomas P. McNulty Supp. Optisource International Inc.'s Mot. Intervene, Ex. A [#108] (License Agreement showing December 2012 effective date).

[3] Although In re Regents of Univ. of Cal. was decided under Seventh Circuit law, the Federal

parties had not finalized their licensing agreement, they were in the midst of negotiating that agreement and, as evidenced by the content of their e-mails, were pursuing a common legal strategy concerning the enforceability of the patents-in-suit.

Accordingly, the court finds that the community-of-interest privilege applies to Document 22.  Hilco's Motion to Compel Eyeego, LLC to Appear for Deposition and to Supplement Discovery Responses and Production [#59] is DENIED insofar as it seeks production of Document 22.

IT IS SO ORDERED.

August 13, 2015                                            /s/ Indira Talwani
                                                           United States District Judge

---

Circuit accepted the premise that the "attorney-client privilege is narrowly drawn in the Seventh Circuit," and adopted the district court's articulation of the community-of-interest privilege requiring that "the nature of the interest be identical, not similar, and be legal, not solely commercial." See 101 F.3d at 1391 (citation omitted).